Kelly, P. J., Jaycox and Kapper, JJ., concur; Rich and Lazansky, JJ., dissent from the reversal of that part of the order allowing the receiver to discontinue the operation of the railroad.

ANDREW W. FEUSS, Respondent, v. J. A. FAY & EGAN COMPANY, Appellant.— Order for examination of defendant modified by limiting the examination to a period of six years prior to the commencement of the action, except as to accounts accruing prior to said period on which only partial payments had been made prior to that period; and as so modified order affirmed, without costs. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

KATHERINE M. FREY, Respondent, v. WILDA BENNETT, Appellant.— Judgment and order reversed upon the law and the facts, and a new trial granted, costs to abide the event, on the ground that the verdict was excessive, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $25,000, exclusive of the costs taxed on the entry of the judgment; in which event the judgment as so reduced and the order are unanimously affirmed, without costs of this appeal. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

JACOB J. GREENBAUM, Appellant, v. ALEXANDER BERENSON and Others, Respondents.— Order granting defendants' motion to retax costs reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The allowance of the item in defendants' costs of their disbursements of seventy dollars for premium upon a surety bond filed by them is unauthorized by the Civil Practice Act, and is contrary to the decisions made under that act and the Code of Civil Procedure.* Had a surety company bond been ordered by the court the situation presented would have been different. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

HAVES REALTY CORPORATION, Appellant, v. FRANK B. COLTON, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

HIERONIMUS A. HEROLD, etc., Respondent, v. ALEXANDER E. LAWSON and INTERALLIED PHARMACAL CORPORATION, Appellants, Impleaded with Others.— Order denying motion to vacate notice of examination before trial modified by striking out items 4 and 5 from said notice; and as so modified the order is affirmed, without costs. Plaintiff seeks no relief against the individual defendants in so far as receipt of any stock by them from the Interallied Corporation is concerned. Therefore, there is no need for an examination as to item 4 of the notice of examination. The allegations of paragraph 15th of the complaint are too vague and general to permit of examination of the matter set forth in item 5 of the notice of examination. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

GUSTAV HOLLAND, Respondent, v. FANNIE BLOCK, Appellant. (Appeal No. 1.) — Order denying defendant's motion to strike out certain allegations of reply affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

GUSTAV HOLLAND, Respondent, v. FANNIE BLOCK, Appellant. (Appeal No. 2.) — Order denying motion to vacate notice of examination of defendant before trial modified by striking out items 2, 3 and 5 from said notice; and as so modified

* See Civ. Prac. Act, § 1518, subd. 10; Code Civ. Proc. § 3256.— [REP.

the order is affirmed, without costs. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

In the Matter of the Application of ARTHUR ANDERSON FISH Co., a corporation, etc., for the Arbitration of Disputes, etc. ARTHUR ANDERSON FISH Co., Respondent, v. BANY LEVY, Appellant.— Order adjudging appellant guilty of contempt of court affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

In the Matter of the Transfer Tax upon the Estate of LESLIE W. MAY, Deceased. — Order of the Surrogate's Court of Westchester county confirming a previous order fixing and assessing a tax upon the transfers of decedent's property affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

In the Matter of the Application of FRED M. SEMKE and Others, Respondents, for a Mandamus Order against WILLIAM E. TYDEMAN, etc., and Others, Appellants. — Peremptory mandamus order reversed upon the law, with ten dollars costs and disbursements, and motion denied, without costs. The board of fire commissioners had no power to delegate their authority to remove the relators, and, therefore, the provision as to notice was void. Rich, Jaycox, Young and Lazansky, JJ., concur; Kapper, J., dissents.

THOMAS W. JONES, JR., Respondent, v. ZARET BROTHERS, INC., Appellant.— Order denying motion to vacate notice of examination of defendant before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The papers do not show that the person sought to be examined is an officer, director, managing agent or employee of the defendant; * nor do they show any of the grounds permitting the examination of a witness before trial stated in section 288 of the Civil Practice Act. Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur.

JOSEPH CANEPI CONTRACTING Co., INC., Appellant, v. CITY OF YONKERS, Respondent.— Order granting motion for compulsory reference affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning and Kapper, JJ., concur; Rich and Lazansky, JJ., dissent upon the ground that the examination of the numerous items alleged will be solely for the purpose of determining the amount of damages.

ALEXIS KEILLER, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.— Order denying defendant's motion to set aside verdict, vacate judgment and grant a new trial, reversed upon the law and the facts, with costs, and motion granted, without costs. The affidavits submitted in behalf of defendant clearly show that the statement offered in evidence by defendant was signed by the witness Anna M. Young, and that when she denied it upon the trial she committed perjury. There is nothing in the record which indicates that defendant did anticipate or could reasonably have anticipated that the witness would deny her signature to the statement. The statement, coupled with the witness's denial of her signature, if it were demonstrated that she had signed it, may have changed the result of the trial. Rich, Jaycox, Young, Kapper and Lazansky, JJ., concur.

STEPHANIA KURSA and WILLIAM HORMAN, Administrators, etc., of MATWAY KURSA, Deceased, Appellants, v. OVERSEAS SHIPPING COMPANY, INC., Respondent.

* See Civ. Prac. Act, § 289.— [REP.